```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY GEORGE FREEMAN, SR.     :      CIVIL ACTION
                                :
             v.                 :
                                :
CITY OF CHESTER, PENNSYLVANIA,  :
et al.                          :      NO. 10-2830
```

MEMORANDUM

Bartle, C.J.                                       August 19, 2010

Anthony George Freeman ("Freeman"), acting *pro se*, has filed a complaint against the City of Chester (the "City"), and the City of Chester Police Department (the "Police Department"). He asserts constitutional violations as well as various state law claims. His state law claims consist of slander, defamation, infliction of emotional distress, invasion of privacy and harassment.

Now pending before this court is the motion of defendants to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

In order to survive a motion to dismiss under Rule 12(b)(6) a plaintiff must "put defendants on notice of the essential elements of Plaintiff's cause of action and raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). When deciding such a motion the court must accept as true all factual allegations in

the complaint, draw all inferences from the facts alleged in the light most favorable to the plaintiff, and "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).

II.

Freeman alleges that since he moved to Chester the police have taken many actions that have severely disrupted his life.  Freeman maintains that the police officers have violated his constitutional rights.  He claims that the police have him under surveillance when he goes around the City and that police officers have damaged his reputation by circulating harmful rumors.  According to his complaint the police have spread untrue rumors to his neighbors, local business owners, and the local schools and have told these individuals that he is a homosexual, a pedophile, a drug dealer, and a burglar.  Freeman also states that the police have circulated rumors that he dyes his hair and uses a hair loss product to prevent balding.

We will begin with Freeman's claims against defendants for constitutional violations, which we construe as being brought under 42 U.S.C. § 1983.  Defendants first contend that the City of Chester Police Department is not amendable to suit.  Defendants correctly point out that the Police Department is not a separate legal entity and is instead an arm of the municipality, the City of Chester.  See Regalbuto v. City of

Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995); Baldi v. City of Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1987); and Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Consequently, Freeman's federal claims will be dismissed against the City of Chester Police Department.

The City of Chester also asserts that Freeman has failed to state a claim for relief against it under § 1983. In Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978), the Supreme Court stated that municipalities cannot be held liable under § 1983 actions based on respondeat superior. Instead, a government is only liable for constitutional violations if it can be established that the government itself supported the violation. Id. Therefore, to establish municipal liability under § 1983 a plaintiff must show that the government had a policy or custom that led to the constitutional violation. Id. at 694. A plaintiff establishes that such a policy existed "when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A plaintiff may also show that a custom existed, "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id. Additionally, a plaintiff must establish a causal link between the policy or custom and the

injuries suffered.  Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

Freeman has not alleged § 1983 liability against the City under Monell.  First, he does not say in his complaint what constitutional rights have been violated.  In addition, it merely alleges unconstitutional conduct, whatever it may be, by the City's police officers.  He does not allege that the police officers' actions were due to any policy or custom created by the City.  He makes no claim that the city is causally responsible for the actions taken by the police.  In Freeman's amended response to defendant's motion to dismiss, he tries to change his allegations by claiming that the police officers were "instructed by the City, as a matter of routine directive, to seek Freeman out and monitor Freeman's activities, in an official capacity as part of a statement custom and policy and directive."  Pl.['s] Am. Resp. to Def.['s] Mot. to Dismiss 2.  However, this does not suffice to overcome a deficient pleading.  Because the City cannot be held liable for the actions of its police officers under a theory of respondeat superior, the federal claims against it must be dismissed.

Once a court has "dismissed all claims over which it has original jurisdiction," the court may decline to exercise supplemental jurisdiction over additional state law claims.  28 U.S.C. § 1367(c)(3).  Our Court of Appeals has stated that if "it appears that the federal claim is subject to dismissal," then "the court should ordinarily refrain from exercising

[supplemental] jurisdiction in the absence of extraordinary circumstances."  Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1975).  No extraordinary circumstances are present in this case, and thus we will dismiss Freeman's state law claims.