```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANTHONY GEORGE FREEMAN, SR.     :     CIVIL ACTION
                                :
        v.                      :
                                :
CITY OF CHESTER                 :     NO. 10-2830


MEMORANDUM

Bartle, C.J.                                      October 14, 2010

Anthony George Freeman ("Freeman"), appearing pro se, has filed an amended complaint against the City of Chester ("City").[1] Freeman claims violations of his constitutional rights under the Fourth and Fourteenth Amendments. He also asserts various state tort claims for violation of privacy. Before this court is the motion of the City to dismiss the amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I.

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw all inferences in the light most favorable to the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233

---

[1]. Freeman's amended complaint names both the City and the Chester Police Department ("Police Department"), as did his original complaint. Because it is not a separate legal entity but merely an arm of the City, we dismissed Freeman's claims against the Police Department. See Freeman v. City of Chester, et al., No. 10-2830 (E.D. Pa. Aug. 19, 2010) (citing Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995)).

(3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008). We must then determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Of course, we construe pro se complaints more liberally than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 93-96 (2007).

II.

According to the amended complaint, the City has conducted an extensive campaign to monitor Freeman's movements since he relocated to Chester in August, 2009. Freeman alleges that the City has tracked him whenever he went to local stores and restaurants, rode public transportation, and drove his car. The City did this by using City workers, Southeastern Pennsylvania Transportation Authority ("SEPTA") workers, and homeless individuals to follow him.

In addition, Freeman alleges that the City disseminated false information about him to other members of the community. These rumors included allegations that Freeman was a burglar, robber, drug dealer, pedophile and homosexual and that he used products to dye his hair and prevent hair loss. As a result, Freeman suffered from emotional distress and humiliation. Freeman also alleges that his "business aspirations suffered," that he "had to limit his door-to-door financial marketing

campaigns to telemarketing in home," and that these rumors "caused potential patrons to avoid his business."

Freeman first filed a complaint with this court on June 14, 2010. We dismissed that complaint on August 19, 2010 without prejudice to Freeman's right to file an amended complaint. In granting the motion to dismiss, we found that Freeman failed to allege that the City's actions were due to any municipal policy or custom. We also found that Freeman failed to state what constitutional rights were violated or to plead any causal connection between the City's actions and his injuries. Because we dismissed all of Freeman's federal claims, we declined to exercise supplemental jurisdiction over his state tort claims. Freeman filed his amended complaint on August 31, 2010. The City's second motion to dismiss followed.

### III.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of a federally protected right by an individual acting under color of state law. Lake v. Arnold, 112 F.3d 682, 689 (3d Cir. 1997). In Monell v. New York City Department of Social Services, the Supreme Court held that a municipality cannot be liable under § 1983 based on the respondeat superior doctrine. 436 U.S. 658, 691-95 (1978); see also Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (3d Cir. 1990). Instead, a government is only liable if it had a policy or custom that caused the violation. Monell, 436 U.S. at 691. To show a policy, a plaintiff must establish that a "'decisionmaker

possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Bielevicz, 915 F.2d at 850 (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)).  A plaintiff may establish a custom, on the other hand, "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  Id. (citing Andrews, 895 F.2d at 1480).

Freeman contends in his amended complaint that "since Chester Police Chief Floyd Lewis is a decision maker as the Head of the Police Department and reports directly to the mayor of Chester ... a decision maker possessing final authority to establish municipal policy with respect to action, issued an official proclamation, policy or edict."  He avers that the City tracked his movements more than seven times and violated his constitutional rights "constantly and consistently, as a matter of policy and custom."

We will first consider Freeman's claims that the City of Chester's purported policy of surveillance violated his constitutional right to be free from unwarranted searches and seizures.  It is well-established that the Fourth Amendment is not implicated when an individual is under observation in a public place.  United States v. Katz, 389 U.S. 347, 351 (1967); United States v. Knotts, 460 U.S. 276, 281-82 (1983).  Throughout his amended pleading, Freeman alleges simply that the City

monitored his movements in shops and restaurants, and on public transportation and municipal streets. Because these are all public places, no reasonable expectation of privacy was invaded. Consequently, Freeman's Fourth Amendment claims will be dismissed.

Freeman next asserts that the untrue rumors spread by the City violated his constitutional rights. In his amended complaint, Freeman claims that the City spread false information that he had a criminal record as a burglar, bank robber, drug dealer, and pedophile. He also claims that the City disseminated false rumors that he is a homosexual and that he dyes his hair and uses hair loss treatments. According to Freeman, all these falsities infringed his constitutional right to privacy and his right to due process under the Fourteenth Amendment.

We turn first to Freeman's claims regarding these untrue rumors under the due process clause of the Fourteenth Amendment. In Paul v. Davis, the Supreme Court held that a person's interest in reputation alone is not a "liberty" guaranteed against state deprivation without due process of law. 424 U.S. 693, 712 (1976). The plaintiff in Paul had been arrested on shoplifting charges. Id. at 695. The police department circulated a flyer containing the plaintiff's name and photograph on a list of shoplifters. Id. at 694-95. After the flyer was circulated to local merchants, the government dropped the charges against him. Id. at 696. The plaintiff then filed

suit under § 1983 for alleged defamation.  Id.  The Supreme Court declared:

> Respondent in this case cannot assert denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment.  That being the case, petitioners' defamatory publications, however seriously they may have harmed respondent's reputation, did not deprive him of any "liberty" or property" interests protected by the Due Process Clause.

Id. at 712.  Consequently, under Paul a plaintiff must meet the "stigma-plus" test by "show[ing] a stigma to his reputation *plus* deprivation of some additional right or interest" to state a viable due process claim.  Dee v. Borough of Dunmore, 549 F.3d 225, 233-34 (3d Cir. 2008).

Here, Freeman claims that he has suffered emotional distress, in addition to reputation damage, as a result of the City's circulation of false rumors.  This injury is not a sufficient "stigma-plus" to overcome the "formidable hurdle" imposed by Paul.  See Kulwicki v. Dawson, 969 F.2d 1454, 1466 n.14 (3d Cir. 1992); Clark v. Township of Falls, 890 F.2d 611, 619 (3d Cir. 1989).  To the extent that Freeman relies on allegations of humiliation and emotional upset in his amended complaint, he has not pleaded a viable due process claim.

Freeman further maintains that these rumors damaged his "business aspirations."  In his amended complaint, he states that he "had to limit his door-to-door financial marketing campaigns to telemarketing in home" and that these rumors "caused potential patrons to avoid his business."  Like his allegation of emotional

distress, these injuries do not constitute "stigma-plus."  They are similar to those of the plaintiff in Sturm v. Clark.  835 F.2d 1009 (3d Cir. 1997).  There, the plaintiff was a lawyer who primarily represented federal inmates.  Id. at 1010.  She filed suit complaining that prison officials imposed special restrictions on her contact with clients and accused her of "disruptive and unprofessional behavior."  Id. at 1010-11.  Sturm alleged that "as a result of Defendants' directives and their corresponding depiction of her as disruptive and unprofessional, prison inmates are unwilling to retain her as counsel."  Id. at 1012.  The Court of Appeals, noting that most charges of defamation are accompanied by claims of monetary damages, rejected Sturm's attempt to turn a state-law defamation claim into a constitutional violation.  Id. at 1012-13.

The Court of Appeals reached the same result in Boyanowski v. Capital Area Intermediate Unit.  215 F.3d 396, 400 (3d Cir. 2002).  In Boyanowski, the plaintiff claimed business losses due to a former employer's statements calling him a "crook" and blaming him for rising costs.  Id. at 399.  The Court of Appeals set aside the jury verdict in favor of the plaintiff on this claim.  It reasoned that lost bids for contracts were insufficient to support a due process claim.  Id. at 402.  In rejecting the claim, the court recognized that "[t]he Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations."  Id. at 401.  Like the plaintiffs in Sturm and Boyanowski, Freeman's claims of lost

future clients and profits, without more, do not rise to the level of a "stigma-plus" contemplated by Paul.[2] See Siegert v. Gilley, 500 U.S. 226, 234 (1991); Clark, 890 F.2d at 620; Holt Cargo Systems, Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803, 834 (E.D. Pa. 1998). Consequently, we will dismiss Freeman's due process claim.

We will now move to Freeman's second claim stemming from the City's alleged policy of spreading false rumors about him, namely that these actions violated his constitutional right to privacy. The substantive right to privacy under the Fourteenth Amendment protects an individual only from public disclosure of certain highly personal private information. Whalen v. Roe, 429 U.S. 589, 598-600 (1977); Paul P. v. Verniero, 170 F.3d 396, 402 (3d Cir. 1999). In general, constitutional protection for private matters is reserved for sensitive information such as is found in medical and financial records. United States v. Westinghouse Elec., 638 F.2d 570, 577 (3d Cir. 1980).

---

2. The Court of Appeals refers to an individual's interest in reputation as implicating both procedural and substantive due process. See, e.g., Municipal Revenue Servs., Inc. v. McBlain, 347 Fed. App'x 817, 826-27 (3d Cir. 2009); Hill v. Borough of Kutztown, 455 F.3d 225, 234-28 (3d Cir. 2006). Whether under a substantive or procedural due process analysis, Freeman's claims of loss future business due to defamatory statements are insufficient. See, e.g., Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 400-05 & n.1 (3d Cir. 2002); Holt Cargo Systems, Inc. v. Delaware River Port Auth., 20 F. Supp. 2d 803, 834 (E.D. Pa. 1998).

Freeman initially asserts that his privacy rights were violated because the City publicly revealed false information regarding his sexual orientation.[3]  In Sterling v. Borough of Minersville, the Third Circuit considered interlocutory appeal of an order denying summary judgment on qualified immunity grounds in connection with the plaintiff's § 1983 claim for violation of the right to privacy.  232 F.3d 190, 192-93 (3d Cir. 2000).  In Sterling, a police officer threatened to disclose to a teenager's grandfather the secret that the teenager was a homosexual.  Id. at 192.  The threat allegedly caused the teenager to commit suicide.  Id.  In affirming the order, the Third Circuit held that public disclosure of a plaintiff's sexual orientation can give rise to a constitutional claim for violation of privacy. Id. at 196.  Because there was a clearly established right to privacy in this context, the defendants were not entitled to qualified immunity.  Id.  In contrast, Freeman here states in his amended complaint that he is not a homosexual and that these rumors are false.  Because the City allegedly made untrue statements and did not reveal accurate information of a highly personal and sensitive nature, no privacy right has been invaded. While the spreading of false rumors may be defamatory, it does not give rise to a constitutional violation under § 1983 based on

---

3. In his amended complaint, Freeman also alleges that these rumors regarding his sexual orientation constitute sexual harassment.  This is not a viable claim because harassment due to sexual orientation does not constitute harassment "because of sex."  Bibby v. Phila. Coca Cola Bottling Co., 260 F.3d 257, 261 (3d Cir. 2001).

-9-

a privacy right under the circumstances presented here. See Paul, 424 U.S. at 701.

Similarly, Freeman claims that his privacy rights were violated by the promulgation of false statements regarding his criminal background. Our Court of Appeals has determined that the constitutional right to privacy is not infringed by disclosure of an individual's criminal history, because it is a matter of pubic record. Nunez v. Pachman, 578 F.3d 228, 231-33 & n.15 (3d Cir. 2009); see also Lahaza v. Azeff, 790 F. Supp. 88, 93 (E.D. Pa. 1992). Therefore, Freeman's claim for violation of his constitutional right to privacy emanating from untrue rumors concerning his criminal conduct and sexual orientation cannot succeed.[4]

Freeman further asserts that the City's policy of surveillance violated his equal protection rights under the Fourteenth Amendment. The amended complaint states that Freeman "inquired whether or not any other business owner was subjected to the warrantless surveillance, spying and searches." He does not set forth what, if any, answer he received to this question.

Freeman does not claim membership in a protected class. Instead, he avers that he was treated differently from "any other business owner." The Supreme Court has recognized a "class of

---

4. Freeman also claims that the City's policy of spreading rumors that he dyes his hair and uses products to prevent hair loss violates his constitutional right to privacy. We are aware of no case law that would support the proposition that public disclosure of false information of this kind is actionable as a violation of the right to privacy.

one" for equal protection purposes, where an individual is treated differently and arbitrarily compared to others who are similarly situated. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To proceed with such a claim, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

Recently, the Court of Appeals dealt with allegations similar to those Freeman puts forward. In Renchenski v. Williams, the court affirmed the district court's order granting the defendants' motion for summary judgment on a "class of one" equal protection claim. No. 07-3530, slip op. at 41 (3d Cir. July 12, 2010). The plaintiff in Renchenski was a federal inmate who was labeled as a sex offender and forced to participate in therapy, despite the fact that he was never convicted of a sex crime. Id. The court rejected his general claims of unequal treatment and found that he failed to allege that he was "the only inmate ... who, though not charged or convicted of a sex offense, was nonetheless labeled a sex offender based on a history of abusive sexual behavior." Id. Because he had not put forth more than conclusory allegations that other individuals were similarly situated, his discrimination claim failed.

In addition, in Mann v. Brenner, the Court of Appeals upheld the district court's dismissal of a "class of one" equal

-11-

protection claim for failure to identify similarly situated individuals. 375 Fed. App'x 232, 239 (3d Cir. 2010). In doing so, it stated:

> Although he alleges that "[o]ther citizens are not treated in this fashion" ... Mann fails to plead that he was treated differently than other similarly situated individuals, that is, other property owners of blighted structures in the City of York. While Olech may not require plaintiffs to "identify in the complaint specific instances where others have been treated differently," the complaint is still deficient.... Mann simply cannot "nudge [his] claims across the line from conceivable to plausible."

Id. at 238-39 (internal citations omitted).

Like the plaintiffs in Mann and Renchenski, Freeman's allegation regarding "any other business owner" is too general to survive a motion to dismiss. As the Court of Appeals has recognized, a similarly situated individual must be alike "in all relevant aspects." Startzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (citing Nordlinger v. Hahn, 505 U.S. 1, 10 (1992)). In his amended complaint, Freeman fails to plead that other individuals are similarly situated in any respect, other than ownership of a business. This is too broad a category to support a claim of discrimination.

Finally, we will turn to Freeman's remaining pendant state law claims. If a court dismisses all federal claims, it may dismiss any pendent state law claims as well. 28 U.S.C. § 1367(c)(3) (2010); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 117-23 (1984). Our Court of Appeals has held that

-12-

"[i]f it appears that the federal claim is subject to dismissal under Fed. R. Civ. P. 12(b)(6) ... then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances." Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 195 (3d Cir. 1976). Because no federal claims will remain and no such extraordinary circumstances exist here, we will dismiss Freeman's claims under state tort law.